UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆ )
)
UNITED STATES OF AMERICA,                     )
)
      Petitioner,                         )
)
v.                                            )     Civil Action No. 13-cv-11530-PBS
)
BRIAN EDWARD MAHONEY,                          )
)
      Respondent.                         )
)
☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆ )

## MOTION FOR DECLARATORY JUDGMENT AND MOTION
## TO REMOVE THE DETAINER AGAINST THE RESPONDENT
## BECAUSE IT WAS NOT DONE BY A JUDICIAL COURT ORDER

☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆

    I am challenging the Constitutionaltey of a **Detainer Action Letter** reported by an FMC Devens staff member B. Padula, a Correctional Systems Officer who does not have the judicial power to place a **Detainer Warrant** without a judicial review by a judge.

    Correctional System Officer's are not qualified to place a **Detainer Warrant** on anyone. Only a judge can place a **Detainer Warrant** on a person who has a Safety Factor placed against him.

### I. ARGUMENT
☆☆☆☆☆☆☆☆☆☆

    A Correction System Officer B. Padula placed a public safety factor on the "Respondent Brian F. Mahoney" based on a 35-year old state conviction for assualt with intent to rape. The Court granted Petitioner Charles Fox a prisoner at FMC Devens declaring that a federal prisoner cannot have a safety factor placed on him for a 24-year old state conviction for the purposes of 18 U.S.C. § 4042(c), and the Bureau of Prison's exceeded there authority.

(1)

Respondent Brian E. Mahoney, is challenging the Bureau of Prisons' classification of me as a sex offender based on an over-35-year-old state conviction by a BOP Correctional System staff member, when this is a judicial review. B. Padula, SCSS staff member is nothing more than a federal employee with no federal power to place a safety factor on a state conviction that is well over 35-years-old state conviction, and when this Respondent went to keep to him he threatened the Respondent by stating **"one more word out of your mouth you will go to N-1 the Special Housing Unit in which only a psychiatrist or a psychologist can place you in the ("SHU"), and this was heard by the Unit-Manager who laughed at the Respondent's request.**

## II. "SEX OFFENDER" PUBLIC SAFETY FACTOR

Since the Respondent is not an inmate or prisoner at FMC Devens, B. Padula, SCSS does not have the authority to speak to me since I am a resident at FMC Devens, and since I was threatened by B. Padula who does not even process the authority to threaten this Respondent by saying **"one more word out of you and your going to the "Special Housing Unit ("SHU"), and he does not even have the authority to command this Respondent to the ("SHU"); only a psychiatrist or a psychologist process that authority only.**

There are two of the six "elements" that require the application of the "Sex Offender" Safety Factor to an inmate are: engaging in sexual contact with another person without permission (forcible rape, sexual assault, or sexual battery); and any offense referenced in the Sex Offender Notification and Registration Program Statement, and that didn't occur until Congress made it a federal crime **SORNA** July 27, 2006, this case does not apply to a 35-year-old-case at 11.

(2)

### III. SEX OFFENDER MANAGEMENT PROGRAM AT FMC DEVENS

As a resident at FMC Devens this Respondent cannot be assigned a Safety Factor at all only inmates at FMC Devens are assigned a Sex Offender Safety Factor. See **United States v. Fox**, 5:02-00255-01 (April 23, 2003); also see: Sex Offender Management Program Inmate Handbook ("Handbook" at FMC Devens, **Program Statement 5100.07, ch. 1**, at 1..

### IV. NOTIFICATION AND REGISTRATION REQUIREMENT

The Attorney General delegated that authority to the **Director of the Bureau of Prisons. 28 C.F.R. § 571.71.** The Director then listed those designated offenses as including **"any offense under the law of any jurisdiction that involved: 1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery)..."** 7 28 C.F.R. § 571.72.

The Bureau's Program Statement implementing this provision, entitled "Sex Offender Notification and Registration", includes charges on this list. Respondent submits that a 35-year-old case involving "assault with intent to rape is not included in the Director of the Bureau's of Prison list. See: Federal Bureau of Prisons, Program Statement 5141.02, Sex Offender Notification and Registration at 4-6 (December 14, 1998).

In addition to a notification requirement, the statute requires the designated sex offender to register in the state in which he will reside. The statute provides:

Notice provided under paragraph (1) shall include...the place where the person will reside, and the information that the person shall be subject to a registration requirement as a sex offender....The **Director of the [Bureau] shall inform a person described in paragraph (4)** who is released from prison that the

(3)

person shall be subject to a registration requirement as a sex offender in any State in which the person resides, is employed, carries on a vocation, or is a student...18 U.S.C. § 4042(c)(2)-(3)(emphasis added).

## V. STANDARD OF REVIEW
⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆⋆

It is totally undisputed that **Congress** granted the **Attorney General** the authority to promulgate regulations designating sex offenses for purposes of the federal sex offender statute. See **18 U.S.C. § 4042**. **"when there is no challenge to whether Congress authorized the Attorney General** only to issue regulations, not a Correctional System Officer who never even went to High School B. Padula, and his side kick Marc Johnson another well educated Correctional Systems Officer both of whom were never given the authority by the **Attorney General at all whatsoever, we are faced with two questions."** Succar v. Ashcroft, 394 F.3d 8, 22 (1st Cir. 2005).

This Court must first determine whether **Congress** has spoken or whether B. Padula has spoken to this precise question at issue, Id. "If the language of the statute is plain and admits of more than one meaning or if the statute's legislative history reveals an unequivocal answer as to the statute's meaning, we do not look to the interpretation that may be given to the statute by the agency charged with its enforcement." Goldings v. David Winn, **383 F.3d 17, 21 (1st Cir. 2004)(internal** quotations and citations omitted).

If **Congress** has not spoken as to that issue, the next step is for this Court to determine whether a 35-year-old-case qualifies for any registration, **"the agency's answer is based on a permissible construction of the statute."** Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Whenever **Congress** has left a gap for an agency to fill like FMC Devens, then we reach the second question, for the agency's regulation is given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute. **Succar**, 394 F.3d at 23 (citing Chevron, 467 U.S. at 843-44)(alteration in original).

## VI. THE ATTORNEY GENERAL'S AUTHORITY UNDER THE STATUTE IS LIMITED TO DESIGNATING FEDERAL OFFENSES AS STATE SEX OFFENDER'S
**************************************************************

In discussing the purpose of this legislation, a House Report submitted by the **Committee of Judiciary** observes:

Importantly, H.R 1683 applies registration requirements to only certain offenders who currently are not required to register under the Wetterling Act. The bill requires offenders convicted in federal or military court of only certain offenses to register in the State in which they reside. In addition, registration will become a condition only of probation or parole for such offenders. The bill is not intended to establish a federal registry system, nor does it require States to enact new laws. It does require offenders only convicted in a military and federal court to register into its already established State programs. H.R. Rep. No. 105-256, at 7 (emphasis added).

The Bureau does not have the authority to place a **Detainer Warrant** on a State conviction. This creates the anomaloussituation of a federal prisoner with a state sex offense conviction being required to register upon release in a state whose sex offender registration laws would not require registration of that person. For example, if released in Massachusetts, Mahoney may not be required to register as a sex offender because of Massachusetts' narrow definition of a sex offender. See **Mass.Gen.Laws ch. 6, § 178C (defining "sex offender", in part, as a "person who resides, works or attends an institution of higher learning in the commonwealth and who has been convicted of a sex offense...").**

Given the legislative history, the Bureau has exceeded the scope of their authority delegating B. Padula as a representative of Congress.

A federal resident the Respondent Brian E. Mahoney cannot be designated as a sex offender under section 28 U.S.C. § 4042(c) based on a state sex offense. **Charles Fox v. Harley Lappin and Warden Winn**, 409 F.Supp.2d 79; 2006 U.S. District LEXIS 1141 (D. Mass. January 17, 2006). Thus, Respondent has a state conviction and a Correctional Systems Officer R. Padula, was never given any authority to place a Detainer Warrant on this Respondent without a full judicial review, never mind that the state conviction is 35-years-old and far too remote to designate anyone as a sex offender by the Wetterling Act period.

This argument is persuasive since the Bureau can only designate a number of non-state crimes as sex offense in accordance with that provision because they were convicted of federal sex offenses. See 28 C.F.R. § 571.72 (designating offenses only under the Uniform Code of Military Justice and the District of Columbia code as sex offenses for the purposes of the statute since everything in DC is a federal crime); Statement 5141.02 at 4-6 (same for a federal inmate or prisoner.

Congress is the only declare federal sex offender's, and it cannot declare a non-federal sex offender to register or even place a Detainer Warrant has a failure to update, since this Respondent is not a federal inmate or a federal prisoner at all, Respondent is a resident with a 35-year-old conviction which does exceed B. Padula authority 1000%.

### PRAYER
*-*-*-*-*-*-*

Wherefore, Respondent Brian E. Mahoney requests the following of this Honorable Court:

1. First, GRANT the Declaratory Injunction/Judgment based on a baseless verified sex offense that was done by FMC Devens staff and not on a judicial review.

2. For such relief to which the Respondent may be entitled, be ordered and decreed by a competent court.

3. That the indigent Respondent be allowed to proceed in forma pauperis and that the Honorable Court take judicial notice of his status as in "imminent danger", pursuant to 28 U.S.C. § 1915(g), based on attached motion, and the fact that Respondent was clearly threatened by B. Padula, and the Unit-Manager laughed and watched the whole entire situation go down.

July 24, 2017

Respectfully Submitted,

*Brian Edward Mahoney*
Brian Edward Mahoney
Reg. No. #12232-049, Unit-N-4
Federal     Medical     Center,
P.O. Box 879
Ayer, Massachusetts 01432
Respondent Propria Persona

## CERTIFICATE OF SERVICE

I, the undersigned, do herby certify that I caused one original of this Declaratory Injunction/Judgement to be provided to the clerk of court by placing such in the inmate legal mail system on July 24, 2017 to B. Padula, addressed to: U.S. District Court, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

*Brian Edward Mahoney*
Brian Edward Mahoney

## AFFIDAVIT OF BRIAN EDWARD MAHONEY

COUNTRY OF MIDDLESEX            §
STATE OF MASSACHUSETTS          §

I, Brian E. Mahoney, being over the age of 18 and competent, do depose and declare that I am detained civilly at FMC Devens and that the foregoing is true and correct, under penalty of perjury, pursuant to federal law(s) 28 U.S.C. § 1746 and 18 U.S.C. § 1621:

1. Affiant attests he is the respondent in this "Motion" for a Declaratory Judgment.

7/24/17

*Brian E. Mahoney*
Brian Edward Mahoney