UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
        Petitioner,               )
                                  )   Civ. Action No. 13-11530-PBS
        v.                        )
                                  )
BRIAN MAHONEY,                    )
        Respondent.               )

                            ORDER
                      September 26, 2017

SARIS, C.D.J.

    On July 28, 2017, Brian Mahoney ("Mr. Mahoney") filed in this closed civil commitment case, and without assistance of counsel, a motion that (1) challenges the constitutionality of a Detainer Action Letter issued by the Federal Bureau of Prisons ("BOP") on July 23, 2017, and (2) claims that the BOP is without authority to use a state conviction from the 1980s as a basis for his public safety factor classification and for sex offender registry notification upon his release.  Mr. Mahoney further complains that he was threatened by staff member B. Padula. Attached to his motion is a copy of the Detainer Action Letter.

    On September 7, 2017, the Government filed an opposition stating that (1) the Court already ruled that Mr. Mahoney cannot represent himself; (2) Mr. Mahoney's motion is not related to the civil commitment proceedings; and (3) the BOP Detainer Action Letter was issued in response to a detainer that was lodged by the Commonwealth.

As correctly noted by the Government, the issues raised in Mr. Mahoney's motion are wholly unrelated to the issue in the instant action. The undersigned views the issues raised by Mr. Mahoney as potentially falling under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which established a direct cause of action against federal officials in their individual capacities for violations of the federal constitution or the laws of the United States. In order to succeed on a Bivens claim, one must show the defendant's direct involvement in the alleged deprivation of rights — "respondeat superior is not a viable theory of Bivens liability." Ruiz Rivera v. Riley, 209 F.324, 28 (1st Cir. 2000).

Rather than construe Mr. Mahoney's motion as a complaint, the undersigned will deny the motion. If Mr. Mahoney wishes to pursue the claims raised in his motion, he is free to initiate a new civil action.

Accordingly, it is hereby

ORDERED that Mr. Mahoney's motion for declaratory judgment and motion to remove the detainer against the respondent because it was not done by a judicial court order (Docket No. 237) is **DENIED**.

    /s/ Patti B. Saris
    PATTI B. SARIS
    CHIEF UNITED STATES DISTRICT JUDGE