UNITED STATES COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
    PLAINTIFF,

V.

BRIAN EDWARD MAHONEY,
    RESPONDENT.

CASE No. 1:13-CU-11530-PBS (D. MASS)
APP. No. 17-01534 (1st Cir. 2017)
PENDING APPEAL

FILED CLERKS OFFICE
DISTRICT OF MASS
2018 MAY 23 PM 4:04

---

Motion For A Transfer To A State Hospital
pursuant to 18 U.S.C. Section 4246

---

Now Comes, Respondent Brian E. Mahoney, who moves this Honorable Court, and states as Follows:

It is with some hesitancy that I address this motion to you, and I am aware and certain that it is the Duty of the States to care for the civil committed. Ecker v. United States (1st Cir. 2009) (Justices Stahl gave the opinion that the Federal Government cannot play such an expanded Role in Continued Confinement of a civilly committed individual).

In the Ecker Court decision, the Department of Mental Health ("DMH") Refused to accept Ecker into State placement. U.S. District Judge Gorton dismissed Ecker's criminal charges on the grounds that he spent 15 years in Prison, which is the minimum of the (A.C.E.E.R. Armed Criminal Act for having a firearm, statute of 924(g). Judge Stahl stated, that since Ecker has now been in Prison for 20 years, and 5 years over the 15 years he would of Received if he went to trial and lost. Judge Stahl stated that since Ecker's case is so unusal, that Judge Stahl Court ordered the ("DMH") to accept John Ecker into State placement, and the Department of Mental Health had to accept Ecker by Court order of the First Circuit Judge Stahl.

(1)

Respondent Brian E. Comtois's Arguments The ECKER CASE is Binding on the District Court, Since its a procedural and president case. Respondent has now been incarcerated at FMC Devens for the past 91-months, without ever proving my innocence and without any statutory good time credits.

Judge Saris has stated that I violated the statute of 2250(a) Failure to update offense which is a NON-violent offense, and the statute only calls for a maximum sentence of 10 years, The First Circuit has stated that the average minimum sentence in Brian Parks v. United States, (1st.cir.2012)(was only 37-months). Respondent has now done three times the average minimum sentence of 37 months, Respondent has completed 91-months and counting.

Since this case is exactly similar to ECKER'S CASE, and with only 29-months to what the maximum sentence of the statute calls for, 120-month for 18 U.S.C. Section 2250(a). Remember a statute For a civil commitment pursuant to 18 U.S.C. Section 4246 does not call for indefinitive life-time civil commitment. As the First Circuit Justice Stahl stated: You can only be held for the maximum of what the statute calls for in Respondent's case, because if I went to trial and lost, I could only received 10 years maximum sentence, and statutory good time credits should be included to that 10 year maximum sentence, meaning I only should do 8 years 1 month to satify the 10 year maximum sentence.

Civil Commitment is not designed to punish, it is designed for treatment and care to enable you to go back into the community. Gibson v. City of New York, (2d Cir 2012). With just 29-months to go before Respondent reaches 10 years in prison, Respondent argues that he is being punished and now in forced administration in the Special Housing Unit for trying to remove counselor Viles N-Unit. See Ellis v. Viles, (2009)(Judge Saris reached settlement in that lawsuit). (2)

Since Respondent Brian Mahoney can never pass his Risk Assessment on the grounds that I will never register or accept any conditional release plan, and Dr. Channell gave his opinion that with treatment I can never be restored back to competency Respondent has stopped all treatment on the grounds and testimony of Dr. David L. Hoffman a psychiatrist for the Department of Mental Health who clearly stated that I do not have a severe mental illness, and thus, Dr. Hoffman opinion is based on the fact that I do not qualify for state placement. Since it is the duty of the states to care for a civil detainee by statute, then I do not qualify for federal civil commitment, because the government does not have any interest in a failure to update offense. (BOP forensic psychologist Dr. Kissin said the same exact thing that I was competent to stand trial on July 13, 2011).

Government interest calls for serious violent offenses like, "Murder, Guns, Bank Robbery, and threatening the President of the United States. Offenses like a failure to update is not considered a government interest, because it does not at all qualify as a sex offense or a violent crime. The government is trying to use the "Risk Assessment Panel" to try and bully the Respondent into registering in order to gain his release, but the Respondent will not take a conditional release at all, and Respondent is in orroneous conditions in the "SHU".

There has now been a lack of participation by my court appointed attorney Mark W. Shea. Respondent has not had any contact with attorney Shea since February 1, 2018 because of this my detention has been even longer, and I did ask attorney Shea to file a direct appeal in which attorney Shea received a valid App. Case No. of 17-1534 as noticed by Judge Saris, and now my direct appeal is 1 year old.

(3)

ON JANUARY 30, 2017, CHIEF JUDGE PATTI B. SARIS WENT ON THE RECORD AND STATED, that if RESPONDENT BRIAN MAHONEY took his MEDICATION AND didn't RECEIVE AND INCIDENT REPORT in 6-MONTHS, JUDGE SARIS STATED that SHE WOULD RELEASE ME to A halfway house ON NOVEMBER 1, 2017. RESPONDENT did FULFILL that PART OF this AGREEMENT, but JUDGE SARIS NEVER RELEASED ME AND SHE gave NO EXPLANATION AS to why SHE didn't RELEASE ME. SO with the 10-YEAR MAXIMUM SENTENCE FAST APPROACHING, 29-MONTHS to go AND with the PRECIDENT CASE LAW OF ECKER V. UNITED STATES, (1st CIR. 2009) (in which JUSTICE STAHL making the OPINION OF THE PANEL in which you CAN't hold A CIVIL COMMITTED DETAINEE LONGER than WHAT THE STATUTE CALL FOR, SINCE the MAXIMUM STATUTE CALLS FOR 10-YEARS PURSUANT to 18 U.S.C. SECTION 2250(a) if I went to TRIAL AND LOSS). ALSO SEE CARR V. UNITED STATES SUPREME COURT, (U.S.2010)(in which JUSTICE SOTOMAYOR CLEARLY STATES, "WHAT it STATES in A STATUTE is EXACTLY WHAT it MEANS" AND ALL COURTS might FOLLOW WHAT THE MEANING OF THE STATUTE is).

Finally, in ANOTHER PRECIDENT OF DEBELLIS V. UNITED STATES (1st CIR. 1981)(in which CHIEF JUDGE COFFIN STATES that YOU CAN NOT hold ANYONE LONGER than the MAXIMUM SENTENCE. DEBELLIS BROKE A FEDERAL Building window in which the MAXIMUM SENTENCE WAS ONLY 60-DAYS, but the GOVERNMENT MOVED to CIVILLY COMMIT DEBELLIS 4-MONTHS LATER, AND CHIEF JUDGE COFFIN IMMEDIATELY RELEASED him, JUDGE COFFIN MADE the RULING, that the OFFENSE ONLY CALLED FOR A MAXIMUM SENTENCE OF 60-DAYS, AND HE hAS BEEN in FEDERAL CUSTODY FOR 4-MONTHS, 60 DAYS LONGER than the MAXIMUM FEDERAL SENTENCE OF (COFFIN). BREAKING A WINDOW, thus, DEBELLIS WAS RELEASED IMMEDIATELY by (COFFIN). THESE two PRECIDENT in ECKER AND DEBELLIS is BINDING ON U.S. DISTRICT JUDGE SARIS.

RESPONDENT DOES UNDERSTAND that HE might hAVE to STAY in FOR 10-YEARS WHICH WOULD BE PUNITIVE, PUNITIVE in NATURE but it DOES CALL FOR MY IMMEDIATELY RELEASE FROM FEDERAL CUSTODY AND it ALSO WOULD CALL FOR AN UNCONDITIONAL RELEASE PURSUANT to 18 U.S.C. SECTION 4246(g), AND RESPONDENT is in ERRONEOUS CONDITIONS AS WELL in FORCED ADMINISTRATION SEGRETION AS WELL[PS] hARDSHIP, BECAUSE PATIENT SHOULD NEVER BE in the "SHU" it CAUSES MANIC AND MENTAL DISTRESS.                (4)

Since, I will NEVER pass my "Risk Assessment", I ask this Honorable Court to transfer me to a Massachusetts or New Hampshire State Hospital as the Statute states. I believe it is proper to make a few Remarks, to express my views and make known my feeling, as to Living under degrading influence of Laws which were not passed by Congress to keep me incarcerated Longer than the Laws call for.

I am 59-years old now, and Dr. Channell even stated that the older you become the more likely you will not commit any additional crimes, and the older you become the least likely you will not be a danger to yourself or others.

Wherefore, Respondent ask this Honorable Court to <u>Grant</u> my request to be transfered to a State Hospital and exert All reasonable care in finding State placement so that I can be reunited with my family who have shown me love and care, since I have been incarcerated at FMC Devens and Strafford County House of Correction in Dover, New Hampshire where I have lived for the past 24-years. My family has been with me for the entire 91-months.

Respectfully Submitted,

Dated: May 21, 2018

Brian Edward Mahoney
Reg. No. #17232-049, Unit-N1
FMC - Devens
42 Patton Road
P.O. Box 879
Ayer, Massachusetts 01432

(5)

APPENdix  18 U.S.C. 4241, 4246

Ecker V. United States (1st Cir. 2009): DeBellis V. United States (1st Cir. 2011)

CARR V. United States Supreme Court (U.S. 2010): Gibson (2d Cir. 2012)

When you are or sent to a Forensic Hospital, you get evaluted to determine whether you can be restored back to competency to stand trial, and when you are determined not to be restored, then that ceases. Then you are determined to be Civilly committed and once that happens, you are determined to be a Civil detainee and once you are Civilly committed you must be sent to a State Hospital which is there duty of the states to care for the mentally ill patients. Gibson V. Muncitily City of New York, (2d Cir. 2012).

The precident case in DeBellis Court and in the Ecker Court, clearly states that a Civil committed detainee whom all Criminal charges have been dismissed, must be sent to a State Hospital. Justice Stahl's decision makes it very clear in Ecker Court, that the Federal Government cannot play an expanded role, that duty only falls to the states who are to care for the Civilly committed. Ecker V. United States (1st Cir. 2009).

In Thomas CARR V. United States Supreme (U.S. 2010) Justice Sotomayor, clearly states "What it states in a statute is exactly what it means," and this is on every court in our nation and it is binding on every single court. So in 10 years Respondent Brian Mahoney must be released by Justice Sotomayor's decision in CARR (U.S. 2010).